**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICE WIELAND, | No. 23-15339 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00724-MMD-CLB |
| v. | |
| BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted February 15, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Alice Wieland appeals from the district court's order

granting summary judgment to Defendant-Appellee Board of Regents of the

Nevada System of Higher Education (the Board). We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion by excluding the comparative table that Wieland created and included in the opposition to summary judgment. This court has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (collecting cases).  Wieland failed to authenticate the table because she did not offer any "evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).

The district court also did not err by excluding the two declarations Wieland offered in opposition to summary judgment.  Those declarations contained conclusory, speculative, or immaterial statements.  The district court thus properly concluded that the declarations were insufficient to raise a genuine dispute of material fact.  *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (stating that a plaintiff "cannot defeat summary judgment with . . . unsupported conjecture or conclusory statements").

2.     "We review a grant of summary judgment de novo." *Rodriguez v. Bowhead Transp. Co.*, 270 F.3d 1283, 1286 (9th Cir. 2001).  We apply the *McDonnell Douglas* burden shifting framework to a claim of sex discrimination under Title VII. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).  The Board offered a legitimate, nondiscriminatory reason for denying Wieland's

2

tenure application: her deficient teaching performance. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661 (9th Cir. 2002) (stating that poor job performance is a legitimate, nondiscriminatory reason to take an adverse employment action). The burden thus shifts to Wieland to offer evidence that the Board's proffered reason is pretext for discriminatory intent. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). When a plaintiff relies on circumstantial evidence to show pretext, that evidence "must be both specific and substantial." *Villiarimo*, 281 F.3d at 1062.

Wieland argues that the Board relied on biased student reviews, that two male faculty members had similar student ratings but received tenure, and that university bylaws were not strictly followed when the Board evaluated her tenure application. But Wieland does not point to any evidence that the student reviews were in fact biased, nor does she demonstrate that the two male faculty members were similarly situated "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Moreover, the evidence she points to is entirely circumstantial. *See Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) ("Circumstantial evidence, in contrast [to direct evidence], is evidence that requires an additional inferential step to demonstrate discrimination."). We conclude that this evidence is neither specific nor substantial and is thus insufficient to raise a genuine dispute that her sex "actually motivated the

employer's decision." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

**AFFIRMED.**